McGREGOR W. SCOTT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>TODD MUMMA,<br><br>                              Defendant. | CASE NO.  1:20-CR-00168 NONE-SKO<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>PROPOSED DATE: April 21, 2021<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

This case is scheduled for a status conference on January 20, 2021, but the parties have agreed to move this hearing to April 21, 2021. This Court has issued General Orders 611-628 to address public health concerns related to COVID-19, including the temporary suspension of jury trials and restrictions on access to court buildings. Initially the Fresno courthouse was closed through June 15, 2020, but it has since been closed until further notice.

Although the General Orders address district-wide health concerns, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

1

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7).  When continued, this Court should designate a new date for the hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, accordingly stipulate as follows:

1.      By previous order this matter was set for a status conference hearing on January 20, 2021.  The Court more recently has invited a continuance of this hearing if counsel do not believe that anything substantial can be accomplished at the currently scheduled hearing.

2.      By this stipulation, the parties agree that the next status conference be scheduled for April 21, 2021, and to exclude time between January 20, 2021, and April 21, 2021, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

3.      The parties agree, and request that the Court find the following:

a)      Counsel for defendant desires additional time to consult with his client, to review the current charges and conduct additional investigation and research related to the charges, to discuss potential resolutions with his client, and to evaluate and potentially prepare pretrial motions.  In part this is because the government has continued its investigation of the crimes, the government provided supplemental discovery, and counsel and the defendant will benefit from additional time to consider this new material.  The parties have had preliminary discussion on possible resolutions of the case without a trial, and that communication is ongoing.

b)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c)      The government does not object to the continuance and joins in the request.

d)      In addition to the public health concerns cited by General Orders 611 and 612 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal contact should the hearing proceed.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from January 20, 2021, to April 21,

1  2021, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i),

2  (ii) and (iv) because it results from a continuance granted by the Court at the request of the

3  parties on the basis of the Court's finding that the ends of justice served by taking such action

4  outweigh the best interest of the public and the defendant in a speedy trial.

5      4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the

6  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

7  must commence.

8      IT IS SO STIPULATED.

9

10  Dated:  January 13, 2021                    McGREGOR W. SCOTT
                                                United States Attorney

11

12                                              /s/ DAVID L. GAPPA
                                                DAVID L. GAPPA
13                                              Assistant United States Attorney

14

15  Dated:  January 13, 2021                    /s/ DAN BACON

16                                              DAN BACON
                                                Counsel for Defendant
17                                              TODD MUMMA

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10
11

UNITED STATES OF AMERICA,

CASE NO.  1:20-CR-00168 NONE-SKO

Plaintiff,

FINDINGS AND ORDER

12
13

v.

PROPOSED DATE: April 21, 2021
TIME: 1:00 p.m.
COURT: Hon. Sheila K. Oberto

TODD MUMMA,

14

Defendant.

15
16

**FINDINGS AND ORDER**

17

The Court has reviewed and considered the stipulation filed by the parties on January 13, 2021,

18

and also reviewed the record of this case.  For the reasons stated in the stipulation, the status conference

19

is continued to April 21, 2021, and the period of time from January 20, 2021, to April 21, 2021,

20

inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv)

21

because it results from a continuance granted by the Court at the request of the parties on the basis of the

22

Court's finding that the ends of justice served by taking such action outweigh the best interest of the

23

public and the defendant in a speedy trial.

24
25

IT IS SO ORDERED.

26

Dated:  __**January 14, 2021**__                    _____/s/ _Sheila K. Oberto_____

27

UNITED STATES MAGISTRATE JUDGE

28