UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>TODD MUMMA,<br><br>        Defendant. | Case No.  1:20-cr-00168-JLT-SKO-1<br><br>ORDER DENYING MOTION TO DISMISS THE INDICTMENT<br><br>(Doc. 90) |

On September 24, 2020, the government charged Mr. Mumma in a two-count indictment with sexual exploitation of a minor and attempt to do so in violation of 18 USC §§ 2251(a)(e) and receiving a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 USC § 2252(a)(2) and (b)(1). Six days earlier, he had been charged with the same conduct in a criminal complaint. (Doc. 1) Since 2020, the government has produced discovery related to the charges, and defense counsel has reviewed it. (Doc. 93-2) Mr. Mumma now moves to dismiss the indictment, arguing that it fails to state sufficient facts to meet the pleading requirements of Rule 7. Because the Court finds that the indictment informs Mr. Mumma of the essential elements of the offenses, the motion is **DENIED**.

**I.    Analysis**

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting the offense

1

charged." An indictment need only contain the elements of the charges so that the defendant may prepare a defense and invoke the Double Jeopardy Clause if the defendant is charged in a future prosecution for the same conduct. *Hamling vs. United States*, 418 U.S. 87, 117-118 (1974).

The Government is not required to provide precise details because the indictment "need not specify the theories or evidence upon which the government will rely to prove" its case. *United States v. Cochrane*, 985 F.2d 1027, 1031 (9th Cir. 1993). A defendant is entitled to notice of the charges he faces, not "to know all of the evidence the government would use to prove the charges against him." *United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013).

The indictment notifies Mr. Mumma when the wrongful conduct occurred. In Count One, the government alleges it began "no later than approximately May 2017 and continu[ed] through approximately April 19, 2020." (Doc. 3 at 1) In Count Two, the indictment asserts the conduct began "no later than approximately January 2018 and continu[ed] through approximately April 2020." *Id*. at 2. The use of the phrase "on or about" is sufficient to give notice of when the alleged conduct occurred. *United States v. McCown*, 711 F.2d 1441, 1450 (9th Cir. 1983).

Second, the indictment alleges where the wrongful conduct occurred. In Count One, the indictment asserts the conduct occurred in the "County of Fresno, State and Eastern District of California. (Doc. 3 at 1) This allegation is sufficiently pled to demonstrate proper venue. Count Two uses the same language but adds, "and elsewhere" to the location information. *Id*. Because Count Two alleges that Mr. Mumma used the Internet to receive child pornography, the Court does not find that the addition of the phrase renders the pleading defective. *Id*.

Third, the indictment alleges what the government contends constitutes the wrongful conduct and how it occurred. In Count One, the indictment alleges Mr. Mumma "produc[ed] any visual depiction" of a minor who was "engage[d] in any sexually explicit conduct" and did so by "knowingly employ[ing] and us[ing] [the] minor." (Doc. 3 at 1) In Count Two, the indictment alleges Mr. Mumma "knowingly receive[d] via the internet at least one visual depiction, the producing of which involved at least one minor engaging in sexually explicit conduct . . ." *Id*. at 2. Rule 7 does not require the government to identify the child or children at issue, to describe the specific sexually explicit conduct at issue or to provide facts detailing that the depiction was

1 obtained through the willing, coerced, forced or unknowing participation of the child used.
2 *Cochrane* at 1031. Likewise, the government is not required to specify which image or images
3 upon which the count is based. *Id.*
4   Finally, the indictment alleges federal court jurisdiction. In Count One, the indictment
5 alleges that the "visual depiction was produced or transmitted using materials that had been
6 mailed, shipped, or transported in or affecting interstate or foreign commerce by any means,
7 including by computer." (Doc. 3 at 1) In Count Two, the indictment alleges the "depiction had
8 been transported in interstate or foreign commerce, had been sent or received using any means or
9 facility of interstate or foreign commerce, or which contained materials which had been mailed,
10 shipped, or transported in interstate or foreign commerce by any means, including by computer . .
11 ." *Id*. at 2. Though these allegations do not specific the exact manner in which interstate or
12 foreign commerce were implicated, it provides Mr. Mumma sufficient information for purposes
13 of Rule 7.
14   The defendant cites *United States v. Hillie*, 227 F.Supp. 3d 57 (D.C. Circuit 2017), for the
15 proposition that cases, such as Mr. Mumma's, require greater factual specificity. However, in
16 *Hillie*, there were seven overlapping counts which charged identical crimes. The *Hillie* court
17 noted, "Because nothing in these counts reveals the particular conduct that Hillie allegedly
18 engaged in with respect to J.A.A. during this overlapping multi-year period, one cannot tell
19 whether the charges relate to distinguishable or separate child-pornography-production offenses,
20 and, indeed, it is not at all clear that these counts even reference different acts on the Defendant's
21 part." *Id*. at 73. Here, in contrast, the two counts allege different conduct entirely and they
22 sufficiently apprise Mr. Mumma of the nature of the accusations against him.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

## II. Conclusion

Because the Court finds the indictment sufficiently addresses each of the elements of the offenses, the motion to dismiss the indictment[1] is **DENIED**.

IT IS SO ORDERED.

Dated: **January 20, 2023**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

---

[1] The defendant clarifies in his reply that he does not seek a bill of particulars. (Doc. 97) Likewise, the government has made clear that the defense has received the affidavit attached to the complaint and discovery produced. (Doc. 95 at 4-6)