1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**EASTERN DISTRICT OF CALIFORNIA**

9

10   UNITED STATES OF AMERICA,

    Case No.: 1:20-cr-00168 JLT SKO

11             Plaintiff,

    ORDER ON MOTIONS IN LIMINE

12       v.

    (Docs. 115, 116, 122, 127)

13   TODD ERIC MUMMA,

14             Defendant.

15

16        In this trial, Mr. Mumma is charged with actual and attempted sexual exploitation of a

17   minor in violation of 18 U.S.C. §§ 2251(a) and (e). (Doc. 3.) The parties have submitted

18   numerous motions in limine for resolution before trial. (Docs. 115, 116, 122, 127.) The Court

19   held a hearing on February 27, 2024 and an in-camera review on March 4, 2024 on the matters.

20   For the reasons discussed on the record and set forth below, the Court rules on each of the

21   motions as follows.

22   **I.      Legal Standards Governing Motions in Limine**

23        "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the

24   practice has developed pursuant to the district court's inherent authority to manage the course of

25   trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). The Ninth Circuit explained that

26   motions in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having

27   to present potentially prejudicial evidence in front of a jury." *Brodit v. Cabra*, 350 F.3d 985,

28   1004–05 (9th Cir. 2003) (citations omitted). Courts disfavor motions in limine seeking to exclude

broad categories of evidence. *See Sperberg v. Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Nevertheless, motions in limine are "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran Child & Family Services*, 115 F.3d 436, 440 (7th Cir. 1997).

"[A] motion in limine should not be used to resolve factual disputes or weigh evidence," *C & E Services, Inc. v. Ashland Inc*., 539 F. Supp. 2d 316, 323 (D.D.C. 2008), because that is the province of the jury. *See Reeves v. Sanderson Plumbing Products*, 530 U.S. 133, 150 (2000). The Court will bar use of the evidence in question only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. *Jonasson*, 115 F. 3d at 440.

Moreover, the rulings on the motions in limine do not preclude either party from arguing the admissibility of the evidence discussed herein, if the evidence adduced at trial demonstrates a change of circumstances that would make the evidence admissible. In this event, the proponent of the evidence **SHALL** raise the issue with the Court outside the presence of the jury. Finally, the rulings made here are binding on all parties and not merely on the moving party.

**II.    Discussion and Analysis**

**A.    Defendant's Motion No. 1: *Exclusion of Adult Pornography***

Defendant seeks exclusion of any testimony, evidence, or argument concerning any adult pornography found on Defendant's phones, computers, or external storage devices. (Doc. 115 at 6, citing Fed. R. Evid. 401, 403; *United States v. Harvey*, 991 F.2d 981 (2nd Cir. 1993).) He argues that because his possession of adult pornography does not bear on the issues, the only reason for admission of this evidence would be "to cast [D]efendant in an unfavorable light and unfairly prejudice the jury against him." (Doc. 115 at 6.) Ordinarily, evidence that Defendant possessed adult pornography—to the extent it is undisputedly such—does not, by itself, bear on any issue to be decided by the jury at trial. *See United States v. Harvey*, 991 F.2d 981, 996 (2nd Cir. 1993) (finding X-rated material not relevant to child pornography prosecution, as it did not bear on the disputed trial issues). "[T]he great potential for evidence of pornography consumption to generate juror disgust and antagonism is beyond reasonable dispute." *Walsh v. Stackley*, 2017 WL 2423854, at *2 (S.D. Cal. June 5, 2017) (citing *Harvey*, 991 F.2d at 996).

2

1    The Government opposes this motion in part, arguing that evidence of some of

2  Defendant's internet searches is "highly probative of the defendant's intent in creating the

3  material charged in the indictment as well as other permissible reasons, such as his identity,

4  motive, plan, preparation, and absence of mistake." (Doc. 128 at 2.) According to the

5  Government, there is evidence of Defendant's internet searches[1] for "pornography purportedly

6  created from hidden cameras" and "internet searches for pornography with themes of adults

7  having sex with teens including fathers having sex with or fantasizing about sex with

8  stepdaughters." (*Id.*) The Government contends that this evidence should be admissible "to show

9  that the defendant had a sexual interest in the minor victim in this case as demonstrated by his

10  searches for 'teen' themed pornography and pornographic images that were created

11  surreptitiously." (*Id.*)

12    Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it

13  would be without the evidence; and (b) the fact is of consequence in determining the action." Fed.

14  R. Evid. 401. Even relevant evidence may be excluded "if its probative value is substantially

15  outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues,

16  misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

17  Fed. R. Evid. 403. Count One of the indictment charges Defendant with knowingly using a minor

18  to engage in sexually explicit conduct for the purpose of producing any visual depiction of such

19  conduct, and for attempting to do so. (*See* Doc. 3.) Count Two alleges Defendant knowingly

20  received via the Internet at least one visual depiction of at least one minor engaged in sexually

21  explicit conduct. (*Id.* at 2.) Thus, the question presented is whether this evidence is relevant to

22  these charges.

23    In *Harvey*, 991 F.2d at 996, which Defendant cites in support of his argument to exclude

24  the evidence, the Second Circuit concluded that the trial court erred in admitting testimony that

25  the videos seized from the defendant's home depicted "people performing gross acts involving

26  human waste, and people engaging in bestiality and sadomasochism," because these acts were

27  entirely unrelated to the child pornography charges. *Id.* Here, however, there is a close tie

28

---

[1] The Government does not seek to admit the material that these searches produced. (Doc. 128 at 3.)

between the evidence and the criminal charges at issue. Thus, to the extent that Defendant's internet searches for adult pornography bear on the questions presented in this case, they may be admitted for a reason unrelated to Defendant's character, such as to demonstrate Defendant's motive or intent. Fed. R. Evid. 404(b). Accordingly, Defendant's motion is **GRANTED in PART** and **DENIED in PART**.

### B.        Defendant's Motion No. 2: *Exclusion of References to Incest*

Defendant seeks exclusion of any testimony, evidence, or argument suggesting that the charges against Defendant involve incest. (Doc. 115 at 7.) Defendant argues that because the charges in this case do not involve incest, any suggestion that Defendant "harbored 'incestuous' desires as to his stepdaughter would be inaccurate on its face, misleading to the jury[,] and highly prejudicial." (*Id*.)

The Government "agrees that legally this would be inaccurate, misleading, and cause possible confusion." (Doc. 128 at 2.) The Government also expressed that it "intends merely to introduce the relevant admissible evidence of the defendant's sexual interest in the minor victim and does not intend to label it." (*Id*.) Thus, any probative value of testimony, evidence, or argument suggestive of the contrary is not relevant. Perhaps more importantly, its value would be substantially outweighed by the prejudicial effect of its introduction. *See United States v. Curtin*, 489 F.3d 935, 963 (9th Cir. 2007) (Kleinfeld, A., concurring) ("The term unfair prejudice, as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.") (internal quotation marks and footnotes omitted). Accordingly, Defendant's motion is **GRANTED**.

### C.        Defendant's Motion No. 3: *Exclusion of Expert Testimony*

Defendant moves to exclude any expert testimony offering the opinion that the only reason for video recording Defendant's stepdaughter was for the purpose of sexually arousing the viewer, as this is an issue to be determined by the jury. (Doc. 115 at 8.) Defense counsel expresses his belief that a "potential" expert witness for the Government may attempt to offer this opinion, based on a report regarding the potential expert provided by the Government during

1  discovery. (*Id*. at 14.)

2         The same day the instant motions in limine were filed by the parties, the Government also

3  filed its notice of expert disclosure under Federal Rule of Criminal Procedure 16(a)(1)(G). (Doc.

4  114.) The notice identified three potential expert witnesses for the Government, all of whom are

5  in the profession in, and whose testimony would concern, computer forensic analysis and/or

6  computer evidence recovery. (*Id*.) The notice gives no indication whatsoever of an intention by

7  the Government to elicit or anticipate the testimony Defendant describes. Nonetheless, the motion

8  appears to be unopposed by the Government. In its opposition, the Government indicated:

9              The government does not intend to elicit testimony from
              investigators that the only reason that the defendant recorded videos
10             of a minor victim was for his own sexual stimulation. Although that
              is true, the government has full confidence in the strength of its
11             evidence and a jury's ability to draw its own conclusions from that
              evidence that it does not see a need to invade the jury's role.
12

13  (Doc. 128 at 3.) Therefore, the motion is **GRANTED** as unopposed.

14         D.      **Defendant's Motion Nos. 4 and 5:** *Exclusion of Certain Evidence and*

15                 *Evidentiary Hearing*

16         Based on the information in the grand jury transcript recently provided to the Defendant,

17  specifically the testimony of Detective Scott Schwamb on September 24, 2020, Defendant filed a

18  supplemental motion to his earlier general request for exclusion of any images not passed on the

19  grand jury. (*See* Docs. 115, 122.) Defendant now requests that any testimony, evidence, or

20  argument "regarding the visual depictions alleged in Count One and Count Two ***based on images***

21  ***other than the nine images contained in the envelope presented to the grand jury***" should be

22  excluded. (Doc. 122 at 4 (emphasis added).)[2] He also requests that these nine images be disclosed

23  _____

24  [2] Defendant's initial motions in limine sought exclusion of any testimony, evidence, or argument
    regarding "any images and videos that were not found by the grand jury to constitute violations of Title 18,
25  United States Code, sections 2251(a) … 2251(e) … or 2252(a)(2)." (Doc. 115 at 8.) The same filing also
    requested exclusion of "any testimony, evidence or argument regarding any images and videos found on
26  Defendant's phones, computers or external storage devices," with the exception of the specific images and
    videos identified in the Government's e-mail to be relied upon at trial, "provided the Court finds that they
27  were in fact found by the grand jury to be child porn." (*Id*. at 2.) In Defendant's Supplemental Motion in
    Limine (Doc. 122), he seeks an order excluding any testimony, evidence, or argument "regarding the
28  visual depictions alleged in Count One and Count Two based on images other than the nine images
    contained in the envelope presented to the grand jury." (*Id*. at 4.) Given Defendant's conflicting requests,

1  to the Court and defense counsel in advance of trial. (*Id*. at 4.) The Government opposes

2  Defendant's motion, contending that "all of the child pornography seized from [D]efendant's

3  devices is admissible under Rules 401, 402, and 403 as the essential evidence of the crimes with

4  which [D]efendant is charged." (Doc. 128 at 4.)

5        According to Defendant's summary of the grand jury transcript, Detective Schwamb

6  testified that he printed nine of the seized images and placed them in an envelope marked as an

7  exhibit to be provided to the grand jury. (Doc. 122 at 3.) Assistant U.S. Attorney David Gappa

8  then asked Detective Schwamb to describe the images in the envelope, which he did. (*Id*.) Mr.

9  Gappa then "instructed the grand jury that even though the envelope said 'Do Not Open,' he and

10  [Detective Schwamb] would leave the room, and the grand jury could make their decision

11  whether or not to look at the photos." (*Id*.)

12        **1.**      **Exclusion of all but nine images**

13        Defendant takes the position that it is "clear" the grand jury based its charges in the

14  indictment on the nine images contained within the envelope. (Doc. 122 at 4.) Whether this is

15  correct, Defendant fails to support his contention that the grand jury members were required to

16  view any images, let alone the nine in the envelope, before they could consider an indictment

17  against him. Rather, the law presumes that an indictment is based on adequate and competent

18  evidence. *See Martin v. United States*, 335 F.2d 945, 949 (9th Cir. 1964) (citing *Costello v.*

19  *United States*, 350 U.S. 359 (1956)). In a grand jury proceeding, because "laymen conduct their

20  inquiries unfettered by technical rules," there is neither a presumption nor a requirement that

21  grand jury members consider evidence in a certain way. *Id*. at 364. As such, the grand jury in this

22  case may have properly returned an indictment based on the testimony of Detective Schwamb

23  alone. *See id*. at 363 ("An indictment returned by a legally constituted and unbiased grand jury,

24  like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the

25  charge on the merits. The Fifth Amendment requires nothing more.") (footnote omitted).

26

27  the Court presumes this most recent motion and addresses the arguments relative to it. Notably, this
   motion conflicts with the prior motions, and is not sought in the alternative. For example, it appears

28  Defendant has abandoned the request that the images and videos listed in the Government's e-mail from
   August 2023 be excluded.

Defendant next asserts that to not exclude all evidence other than the nine images presented to the grand jury would deprive Defendant of his Fifth Amendment protection "to be *indicted* in felony matters on the *evidence* presented; otherwise the defendant 'could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him.'" (*Id.*, quoting *United States v. Russell*, 369 U.S. 749 (1962), emphasis added.) This argument is flawed for a few reasons.

First, Defendant's reliance on *Russell* is misplaced. In *Russell,* the Supreme Court thoroughly examined the "primary office" of grand jury indictments—"to inform the defendant of the nature of the accusation against him." 369 U.S. at 767. The Court explained that if the grand jury were not required to state, *in the indictment,* what the subject of the inquiry was, *the charging part of the indictment* could be changed by a court's later determination based on speculation, an amendment which would run contrary to the Constitution. *See id.* at 770-71 (emphasis added). Here, however, Defendant is challenging the evidence to be presented at *trial*, not the sufficiency of the grand jury's indictment. Defendant offers no alternative analysis tying the rationale in *Russell* to the issues at hand.

Second, to the extent Defendant is relying on *Russell* or *Stirone v. United States*, 361 U.S. 212 (1960), in arguing that the Government's presentation of different evidence at trial amounts to an "amendment," this argument is similarly unfounded. As the Government notes, "*Stirone* does not stand for the proposition that a prosecutor is limited in presenting **evidence** at trial to only the evidence presented to a grand jury. Rather, the Court reaffirmed that a defendant cannot be convicted for a **charge** (not evidence) on which he was not indicted by a grand jury." (Doc. 128 at 4, emphasis in original, citing *Stirone*, 361 U.S. at 217.) *United States v. Jenkins*, 2022 WL 474704 (11th Cir. Feb. 16, 2022), is particularly instructive on this issue. There, the court rejected the defendant's argument that the indictment was "constructively amended" when the district court "permitt[ed] the jury to find him guilty of producing and distributing child pornography based on images that may not have been presented to the grand jury." *Id.*, at *4. The court found no constructive amendment where the defendant's convictions "rested on the exact same charges as alleged in the indictment." *Id*. The court continued:

7

Jenkins offers no authority for his assertion that the government was required to show the grand jury the specific images it intended to rely on to prove those elements at trial. Even assuming that an error occurred, it is better understood as a variance in factual proof rather than a constructive amendment of the charges, and Jenkins has not shown, or even attempted to show, that he was prejudiced.

*Id.* Defendant faces the same charges at trial as set forth in the indictment, and he does not assert otherwise. Accordingly, the Government's presentation of different or additional evidence to the jury at trial does not amount to a constructive amendment of the charging terms of the indictment.

Finally, Defendant cites no authority supporting his position that the Government is limited to the evidence presented to the grand jury in meeting its burden to prove Defendant's guilt at trial. To the contrary, the Supreme Court explained the breadth of a grand jury's powers, as distinguished from the rules governing criminal trial procedure:

Traditionally the grand jury has been accorded wide latitude to inquire into violations of criminal law. No judge presides to monitor its proceedings. It deliberates in secret and may determine alone the course of its inquiry. The grand jury may compel the production of evidence or the testimony of witnesses as it considers appropriate, and its operation generally is unrestrained by the technical procedural and evidentiary rules governing the conduct of criminal trials.

*United States v. Calandra*, 414 U.S. 338, 343 (1974); *see also Costello v. United States*, 350 U.S. 359, 362 (1956) ("[N]either the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act."); *United States v. Alvarez,* 972 F.2d 1000, 1004 (9th Cir. 1992), overruled on other grounds by *United States v. Gomez*, 302 F. App'x 596 (9th Cir. 2008). Grand jury proceedings are distinct from trial proceedings. Except for rules on privilege, the Federal Rules of Evidence do not apply to grand jury proceedings. Fed. R. Evid. 1101(d)(2). Furthermore, the proof required to return an indictment (probable cause) is markedly lower than the standard of proof in a criminal trial (beyond a reasonable doubt). Beyond failing to demonstrate that presentation of the same evidence during both proceedings is compulsory, Defendant does not explain, from a fairness perspective, why the Government should be limited to the evidence offered at the initiation of a criminal case before the criminal discovery phase has begun. Defendant also fails to explain how it would be in his interest for the

Government, even if limited in scope, to be able to introduce evidence in contravention of the rules assuring Defendant a fair trial.[3] Thus, Defendant's request that all but the nine images presented to the grand jury be excluded at trial is **DENIED**.

### 2. Evidentiary hearing

For much of the same reasoning as discussed *supra*, Defendant's request for an evidentiary hearing—in whichever capacity he now seeks it—is not warranted. In Defendant's initial motion, he requested that an evidentiary hearing be held "to determine which videos and images were actually presented to the grand jury and which videos and images the grand jury found were violations under each count of the Indictment." (Doc. 115 at 8.) Thus, to the extent Defendant maintains its request, the Court restates that the grand jury was not tasked with determining whether the nine images presented were child pornography under federal law—nor could they be if not first required to view the images at all.

Moreover, the grand jury was not required to identify the specific images it relied upon, if any. A case cited by the Government, *United States v. Cameron*, 662 F. Supp. 2d 177 (D. Me. 2009) *aff'd*, 699 F.3d 621 (1st Cir. 2012), addressed a similar issue. The defendant in *Cameron*, who faced multiple counts related to child pornography, moved to dismiss the indictment because it did not "identify the images that the grand jury found probable cause to believe were child pornography," and consequently, he had "not been placed on notice as to the specific images against which he must defend." *Id.* at 180. In rejecting defendant Cameron's argument, the court noted that "[a]lthough the Government has not identified a specific image with each count, such specificity is not an element of the offense and neither the statute under which Mr. Cameron has been charged nor [Federal Rule of Criminal Procedure 7] requires its inclusion." *Id.*

Defendant does not point to any binding or persuasive authority indicating to the Court how it is either compelled to hold such a hearing or, at a minimum, that it has the authority to make such determinations on behalf of the grand jury. Accordingly, Defendant's request for an

---

[3] For example, the Supreme Court in *Costello v. United States*, 350 U.S. 359 (1956), "held that a conviction could be sustained even if only hearsay evidence was presented to the grand jury that indicted him, reasoning that 'neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act.'" *Hawkins v. Christensen*, 2020 WL 1518623, at *19 (D. Idaho Mar. 30, 2020) (quoting *Costello*, 350 U.S. at 362).

evidentiary hearing on this matter is **DENIED**.

### 3.    Disclosure of nine images prior to trial

Defendant also requests that the nine images be disclosed to the Court and defense counsel in advance of trial. (Doc. 122 at 4.) Defendant does not demonstrate he is entitled to anything beyond the grand jury transcript. At trial, the Government is obligated to disclose the evidence it intends to use in its case-in-chief at trial. There is no requirement that the same duty extends to grand jury proceedings, for similar reasons to those indicated above. *Jencks* material includes the grand jury testimony of a trial witness. The Government lists Detective Schwamb as a trial witness. The Government has provided the defense the witness's statement: a copy of the grand jury transcript. Defendant makes no showing that more is required.

Because the grand jury transcript, detailing the images contained in the envelope, were testified to by Detective Schwamb and there is no suggestion that these nine images were not included in those made available to the defense, the request for disclosure of the nine images is **DENIED**, though before the expiration of the appeal period for whatever judgment is entered in this case, the Government **SHALL** identify on the docket, through a filing or otherwise, the nine images at issue.

### E.    Defendant's Motion No. 6: *Availability of Items Seized by the Government*

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), Defendant requests an order requiring the Government to produce, and have available for Defendant's use during trial, all previously seized images and information from Defendant's computers, phone[/s], and external storage devices found in his home or office. (*See* Doc. 115 at 10-11.) He further requests that a technician be made available to display such material upon request of defense counsel and the Court. (*Id.* at 11.)

Defendant contends that the items to which he seeks access (1) were "apparently seized" from his home or office; (2) "have been and are now in the sole custody and control" of the Government;" and (3) "are material to the presentation of a defense at trial." (Doc. 115 at 11.) Defense counsel proffers that while he has been permitted to examine the material at the Homeland Security Office in Fresno, the items remain in the Government's custody and control,

1   including "the only copies of the images and videos that may be pertinent to this case." (*Id*. at 13.)

2   It is undisputed that the originals of these items are within the Government's possession, custody,

3   or control. Moreover, undoubtedly, the items both belong to Defendant and are material to his

4   defense. Fed. R. Crim. P. 16(a)(1)(E).

5       The Government also reports that defense counsel and the defense expert have reviewed

6   the evidence several times. (*See* Doc. 128 at 9; Doc. 115 at 5.) Even so, the Government notes

7   that Defendant has "informed the government it does not intend to attempt to introduce expert

8   testimony" and has not indicated an intent "to introduce any exhibits that it could have created

9   from the evidence that has been available since October 2020." (Doc. 128 at 9.) As such, the

10   Government maintains that it "will continue to make evidence available and cooperate with the

11   defense" but should not be ordered to "serve as a technician for the defense to retrieve and

12   introduce evidence that has not been identified in advance." (*Id*.)

13       Ordinarily, the Court would agree that the Government is not required to provide a

14   technician to display these items at trial. However, because the Government will not provide a

15   copy of any contraband evidence, there is no choice but to require the Government to provide a

16   technician to display this evidence. Therefore, the motion is **GRANTED** to the extent that the

17   Government **SHALL** have available for use by the defense any contraband evidence the defense

18   will rely upon and provide a technician to display it. However, the defense **SHALL** notify the

19   Government of the evidence it intends to rely upon within a reasonable time in advance of its use

20   so as to not delay the trial.

21       **F.**    **Defendant's Supplemental Motion No. 7:** *Exclusion of Particular Evidence*

22           *from Government's Exhibit List*

23       In his Supplemental Motion in Limine (Doc. 122), Defendant argues that if not all images

24   are excluded except for the nine presented to the grand jury, there are other reasons that images

25   and evidence should be excluded.

26       **1.**    **Exhibits 1 and 2**

27       Defendant objects to the admission of the Government's Exhibit 1, "PHYSICAL

28   EVIDENCE Red and Gray SanDisk 16GB MircoSD.E01 (ITEM 1)." (Doc. 122 at 5; Doc. 126 at

1.) Defendant asserts this evidence is cumulative and that "it would allow the jury to perhaps play videos and other information contained thereon which were not admitted into evidence." (Doc. 122 at 5.) Defendant continues that he would not object to the admission of a photograph of the physical SD card "provided that any inscription on it which indicates where it may have been produced be excluded, as it is hearsay, and there is also a lack of foundation."[4] (*Id.*) Notably, unless the jury requests to see evidence necessitating the use of a computer, it will not have access to a computer or other device that can operate Item 1. On the other hand, Item 1 may contain material that has not been admitted. Thus, the Defendant's motion to exclude Item 1 is **DENIED** to the extent that it may be admitted as physical evidence. However, if Item 1 is admitted, the jury will be provided a photograph of Item 1 and will be not provided the actual Red and Gray SanDisk, unless there is a specific request for it. If that occurs, the Court and counsel will determine at that time how to best respond to the request.

For these same reasons, Defendant's request that Exhibit 2, "Physical Evidence usbcameraE01 32GB USB Camera with MD5 hash fd0a4fdc52952a5143f3a00a8dc181d1 (ITEM 2)" be excluded is also **DENIED**. (Doc. 122 at 6; Doc. 126 at 3-4.) The Court will handle this piece of physical evidence in the same way as Item 1.

## 2. Exhibits 1A, 1A.1, 1A.2, 1A.3, 1F, 1F.1. 1G, 1G.1, 2D, 2D.1, 3C-3L[5]

Defendant objects to the admission of certain exhibits concerning video files "great3.avi," "good2.avi," "good12.avi," and "MOV10061.avi," (Exhibits 1A, 1A.1, 1A.2 1A.3, 1F, 1F.1, 1G, 1G.1, 2D, 2D.1) as they only reveal the alleged minor's buttocks, which does not meet the definition of "Sexually Explicit Conduct" and thus, are irrelevant and/or prejudicial under Rule 403. (*See* Doc. 122 at 5-6.)

The Court conducted an in-camera review of all of the alleged contraband images. The

---

[4] The objection on hearsay grounds related to any manufacturer's inscription indicating where the product was made is **OVERRULED**. *United States v. Alvarez*, 972 F.2d 1000, 1004 (9th Cir. 1992), overruled on other grounds by *United States v. Gomez*, 302 F. App'x 596 (9th Cir. 2008) (manufacturer's inscription on the product indicating where the product was made is not a statement for purposes of hearsay); *United States v. Scott*, 2014 WL 2808802, at *2-4 (E.D. Va. June 20, 2014).

[5] At the hearing, the government indicated that it would not seek to admit the photos of the girl wearing sweatpants and a sports bra and would not seek to admit the full videos. Instead, the Government will seek to admit a limited number of video clips and still images. Thus, the motion in this regard is **MOOT**.

Court recognizes that the photos run a spectrum from those that clearly reveal the genitals of the minor to those that reveal only the minor's buttocks. Included within this spectrum are photos as to which there is a question of fact as to whether they reveal the genitals or anus of the minor. None of the photos are inadmissible.

Indisputably, those that reveal the genitals or anus of the minor are admissible. Those as to which there is a question of fact may also be admitted because it is the jury's role to determine whether they constitute sexually explicit conduct. This category of images, along with those of the child's buttocks, may support either the actual commission of the offense or the attempt to commit the prohibited act. *United States v. Urbina*, 2023 WL 2565167, at *3 (E.D. Wash. Mar. 19, 2023). Consequently, the Court **DENIES** the motion, though the Court will not allow cumulative evidence.

### 3. Exhibit 1C.2

Defendant objects to the admission of Exhibit 1C.2, a storyboard of still images taken from a video entitled "Great5.avi." (Doc. 122 at 6.) This exhibit is not listed on the Government's exhibit list index. Thus, Defendant's request is **DENIED** as moot.

### 4. Exhibit 1D.2

Defendant objects to Exhibit 1D.2, "MOV10424.avi(trimmed).mp4.jpg" being admitted as cumulative. (Doc. 122 at 6.) He contends it is a storyboard showing individual images from video file "MOV10424.avi." (*Id.*) Though the Court will not allow cumulative evidence, at this time, the Court understands that the Government will not seek to admit this exhibit. Thus, ruling on the motion is **RESERVED**.

### 5. Exhibit 1H

On the first day of trial, the defense raised an objection to the reliability of the dates and times contained within Exhibit 1H because there is a possibility that they may be manually modified by the user of the device. Contrary to the defense's position, the Government's expert—as well as Defendant's—may speak to what date/s the device indicates. Absent evidence from a different source that can address this issue, the Court construes the defense's argument as a continuing objection that entering the date as written is effectively unreliable hearsay. Thus, the

1  Court **RESERVES** ruling on this issue. Relatedly, there was indication that the defense did not

2  receive the thumb drive containing Exhibit 1H. The Court is also not in possession of this exhibit.

3  Accordingly, the Government **SHALL** provide this exhibit as soon as reasonably possible.

4  **6.    Exhibit 3**

5  Defendant requests that Exhibit 3, "PHYSICAL EVIDENCE Apple iPhone X with IMEI

6  354859091063082 and SHA256 hash

7  b1d92450ff3a8f548be240a4391aea56fl317dba12a2b225253364b15fbadc8 (ITEM 3)" be

8  excluded because the jury "may improperly access its contents," which would be prejudicial

9  under Rule 403. (Doc. 122 at 6; Doc. 126 at 3-4.)[6] For the same reasons given for denying the

10  request to exclude Item 1, this request is also **DENIED**. The Court will handle this piece of

11  physical evidence, Item 3, in the same way as Item 1.

12  **7.    Exhibit 3A**

13  Defendant objects to the admission of Exhibit 3A, identified by the Government as

14  "Demonstrative exhibit of Private Calculator Free [App]– view of calculator, entering code of

15  calculator and then seeing an empty vault. (ITEM 3)." (Doc. 122 at 6-7; Doc. 126 at 4.) He

16  objects on the grounds of lack of foundation and relevance, because "the version downloaded

17  now by the Government cannot be said to be the same version as which was on the iPhone four

18  years ago." (Doc. 122 at 7.) At the hearing on the motions in limine on February 27, 2024,

19  defense counsel also noted a potential Rule 403 issue, in that a newer version of the application

20  may offer capabilities that were not presented when the older version of the app was allegedly

21  used by Defendant. The Government confirmed with their experts that the version of the "Private

22  Calculator Free" phone application the Government intends to introduce in Exhibit 3A is the

23  same version that was installed on Defendant's iPhone. Thus, Defendant's request is **DENIED** to

24  this extent.

25  **8.    Exhibit 3B**

26  ---

[6] Defendant indicates that he has no objection to the admission of a *photograph* of Item 3 (iPhone),

27  provided the actual iPhone is not admitted. (Doc. 122 at 6.) However, based on the Government's
representation that Item 3 (Apple iPhone X) is physical evidence, (*see* Doc. 126 at 3-4) it appears

28  Defendant is under the wrong impression. Thus, the Court addresses Defendant's request for exclusion on
the alternative ground raised.

Defendant objects to the admission of Exhibit 3B identified by the Government as "Private calculator free photo vault screen-recording of all photos in the 'My Photos' Folder." (Doc. 122 at 7; Doc. 126 at 4.) According to Defendant, this exhibit contains 147[7] images. (Doc. 122 at 7.) He objects based on lack of foundation, relevance, and Rule 403 because "there is no information as to who is in the photographs/images or what are the ages of the persons in the images, and further that they have not been tied to any specific video." (*Id*.) The Court has been advised that the parties have come to a compromise on this piece of evidence. Thus, the motion is **MOOT**.

To the extent the Government wishes to demonstrate the "Private Calculator Free" cell phone application, as noted above, it may do so. However, this is not an opportunity to replay images already shown to the jury. On the other hand, an oral description of the evidence the images found on Defendant's Private Calculator Free app may be given through testimony.

### 9.     Exhibit 3M

Defendant objects to the admission of Exhibit 3M, "Attachment 8," which contains "the Application Focus history with references to the Private Calculator free app." (Doc. 122 at 7; Doc. 126 at 5.) Defendant asserts that Exhibit 3M "purports to show when and how long the private application was viewed," but that "there is no foundation as to what specifically was viewed on those dates, and without knowing what was viewed, it is basically irrelevant and highly prejudicial under 403." (Doc. 122 at 7.)

At the hearing, the Government explained that the spreadsheet data indicates when the app was accessed and how long the app was used over a 30-day period. The Government also clarified that evidence of this data is not being offered to show a particular person or image but rather, for general purposes of access to show intent, identity, and absence of mistake. Therefore, whether the data indicates which images were viewed is of no consequence. Defendant's motion based on foundation, relevance, and Rule 403 is **DENIED**.[8]

---

[7] The Government confirmed that the exhibit contains 137 images.

[8] On the first day of trial, the defense took issue with an apparent discrepancy between the exhibit as originally provided and as provided after the in-camera review on March 4, 2024. The Government explained that initially, a thumb drive was included in the exhibit binder provided to the defense on

**10.    Exhibits 4C, 4C.1, 4D, and 4E**

Defendant seeks exclusion of Exhibit 4C, extracted internet browsing history from YouTube regarding two spy cameras, "unless the Government can establish that these cameras were the same as the camera found in the minor's bedroom." (Doc. 122 at 7.) He also seeks exclusion of Exhibit 4C.1, "Safari History - YouTubeOnly.xlsx (ITEM 4)," on lack of foundation. (*Id*.)

Defendant also objects to Exhibits 4D and 4E, downloaded YouTube videos of "spy cameras," asserting that because the Government downloaded them recently, "it cannot be shown whether they are for the same camera as was found in the minor's bedroom or if it has changed in the four years since the crime was charged." (*See* Doc. 122 at 7; Doc. 126 at 5-6.) Defendant objects on the grounds of foundation, relevance, and Rule 403. (Doc. 122 at 7.)

The Government contends that the search for the cameras and videos go to Defendant's intent to purchase and use the camera. The Court takes issue not with whether the camera depicted in the videos is the same model purchased by Defendant, but that the narration on the videos does not help prove an element necessary to convict Defendant. These videos demonstrate the camera's features, how the camera functions, and at least one video depicts the creator's opinion as to the quality of the camera including that it was the most covert camera of its type.

As the Court understands it, however, there is no dispute that the defendant purchased and installed the cameras. On the other hand, the Court is aware of no statement by the Defendant indicating why he chose the cameras or that he chose the ones he did based upon the fact that they did not appear to be cameras. Thus, motion as to 4C is **RESERVED.** As to the opinions about the cameras and their features expressed by the narrator of the videos, these are not helpful to the jury and though the Government does not seek to admit these statements for the truth of the matter— but only to show what the Defendant heard—the videos have little probative value but the danger

---

February 23, 2024. It maintains that the only difference between the initial exhibit and the one now presented is its form: the first was a digital Excel spreadsheet saved to a thumb drive within the Government's exhibit binder and the new exhibit is a print-out of the same spreadsheet. However, the Government stated that some gaps between entries were removed, resulting in fewer lines, rows, and/or numbers. Consequently, the Court ordered the Government to provide to the defense a print-out of the exact Excel spreadsheet that was originally provided in digital format.

of unfair prejudice they pose is high. Thus, the Government may present witnesses and evidence to explain how the cameras work, where they were found, what the defendant said about them, etc., but the videos will not be admitted.[9] Moreover, the physical camera, listed as Exhibit 2, may be admitted. *See supra*, II.F.1. Thus, Defendant's requests for exclusion as to Exhibits 4C, 4D, and 4E are **GRANTED**.

### 11.    Exhibit 4F

Exhibit 4F contains "Shared File Lists from iMac," which identify entries indicating that video files, such as "MOV10061.avi" and "MOV10010.avi," were accessed by "the user" using the QuickTime Player application. (*See* Doc. 126 at 6.) Defendant objects to Exhibit 4F's admission based on "a lack of foundation as to whether the actual movies were accessed, as only titles are located, and therefore there is no evidence that they are the same movie as identified or just the same title." (Doc. 122 at 8.) Defendant also raises the same Rule 403 objection as he does to Exhibits 2C.1 and 2D; that the exhibit reveals a minor's buttocks and/or a minor dressed in sweatpants and a bra, and thus, do not depict "sexually explicit conduct." (*See id*.) For the reasons set forth above, the motion is **DENIED.**

### 12.    Exhibits 5 and 6

Defendant indicates that he has no objection to the admission of Exhibits 5 and 6, provided there is no indication of where it was produced, in which event Defendant objects on lack of foundation and hearsay. (Doc. 122 at 8.) However, it appears that Defendant is under the impression that these exhibits are photographs of the items as opposed to physical evidence. (*See id*.) According to the Government's exhibit list, Exhibit 5 (Item 5) is identified as "PHYSICAL EVIDENCE 32GB MicroSD Card removed from a smoker [sic] detector with MD5 259ec774782534dcc5ac1909c69841b3 (ITEM 5)," and Exhibit 6 (Item 6) is identified as "PHYSICAL EVIDENCE 80GB external hard drive with MD5 c4c6d601c5c7dbf848faf06e323b2d71 (ITEM 6)." (Doc. 126 at 6.) For the same reasons given for denying the request to exclude Item 1, this request is **DENIED**. The Court will handle these

---

[9] This presupposes that Defendant does not testify that he did not know of the features of the cameras, did not intend them to be hidden, etc. If this occurs, the Government may raise the issue with the Court outside the presence of the jury.

pieces of physical evidence, Items 5 and 6, in the same way as Item 1.

### 13.    Exhibits 5A and 5B

The Government's Exhibits 5A and 5B are photographs of the fake smoke detector. (Doc. 126 at 6.) Defendant does not object to admission of the photographs, "except to any indication on the smoke detector that indicates where it may have been made on both lack of foundation and hearsay." (Doc. 122 at 8.) For the reasons set forth above as to Exhibits 1 and 2, the motion is **DENIED**.

### 14.    Exhibits 6C and 6D

Defendant indicated that he reserves a right to object to the admission of Exhibits 6C and 6D, which he contends were not provided by the Government. The Government does not include these exhibits in its index, but explained at the hearing that they contain thumbnail spy camera images taken from Defendant's work computer. To the extent the Government offers such exhibits at trial, Defendant's reservation of a right to object is **GRANTED**. The Government **SHALL** produce these exhibits to the defense so that the defense may make an objection if one is appropriate.

### 15.    Exhibits 7 and 8

The Government's Exhibits 7 and 8 are identified as photographs of the front of Defendant's residence and the pool in Defendant's backyard. (Doc. 126 at 6.) Defendant contends these exhibits are not relevant because no criminal activity is alleged to have occurred in any of these locations. (Doc. 122 at 8.) He further asserts that the Government will seek to admit photographs of Defendant's front and back yard "to show that it is a very large house and a good neighborhood, and apparently to prejudice the defendant due to his financial status." (*Id.*) Accordingly, Defendant also seeks exclusion of Exhibits 7 and 8 under Rule 403. At the hearing, the Government indicated that images of these locations would be helpful to the jury because jurors could see where the search warrant was executed and where some of Defendant's interview was conducted, and where certain evidence was retrieved.

Though the Court does not see the risk of any notable prejudice based on the admission of these images to demonstrate Defendant's financial status, it does not see the purpose either. For

1    example, Exhibit 8, an image of Defendant's pool, does not set any scene for the jury. Thus,

2    Exhibits 7 and 8 do not appear to be relevant at this time. As to these images, Defendant's

3    objection is **SUSTAINED**.

4               **16.**    **Exhibits 10 and 11**

5           Defendant seeks exclusion of Exhibits 10 and 11, images of Defendant's guest bathroom

6    and guest bathroom shower, arguing they are not relevant because no criminal activity is alleged

7    to have occurred in the guest bathroom. (Doc. 122 at 8-9; Doc. 126 at 6-7.) However, the

8    Government indicated in its Rule 404(b) notice (Doc. 117) that A.L.'s mother is "prepared to

9    testify that she saw [Defendant] attempting to see into the window of a bathroom at the residence

10   (from the outside) while [A.L.], then approximately age 15, and a friend were using the shower."

11   (*Id*. at 7.) At the hearing on the instant motions, the Government stated that these images are for

12   the purpose of showing there was a bathroom with a window on the ground floor. Indeed, there is

13   a window next to the shower depicted in the image/s, which is situated in such a way that one

14   may be able to view the shower from the other side of the window as depicted. Assuming the

15   404(b) evidence may be admitted, Defendant's request is **DENIED** based on the objections raised

16   in the motion.

17              **17.**    **Exhibit 18**

18          Defendant does not object to the admission of Government's Exhibit 18, "Todd Mumma

19   California Driver's License [REDACTED]." (Doc. 122 at 9; Doc. 126 at 7.) He does indicate that

20   if other similar exhibits are presented that contain Defendant's photograph and may "leav[e] the

21   jury with the feeling that it might be a booking photo or a photo of some prior arrest or

22   conviction, and therefore, only the photograph itself should be admitted" under Rule 403. (Doc.

23   122 at 9.) The Government clarified that it intended to use only Defendant's image, without any

24   of the other information shown on the exhibit, as a demonstrative when the recorded statement by

25   Defendant is shown to help the jury understand who is speaking. Thus, Defendant's request is

26   **DENIED**.

27          **G.**     **Government's Motion No. 1:** *Reference to Penalty or Punishment*

28          The Government seeks to preclude reference to any penalty or punishment facing the

Defendant at any time during trial, including questioning regarding Defendant's past or future career or business. (Doc. 116 at 2.) The motion is unopposed.

It is well-established that such references are not relevant to the task of a juror: to find facts and determine whether a defendant is guilty in light of those facts. The Supreme Court explained that providing jurors information concerning the consequences of their verdict "invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Shannon v. United States*, 512 U.S. 573, 579 (1994); *see also United States v. Dredd*, 833 F. App'x 79, 82 (9th Cir. 2020) (extending *Shannon* rationale to jurors being provided with "sentencing information of any kind"). Thus, except for capital trials, the jury "should be admonished to reach its verdict without regard to what sentence might be imposed." *Id.* (internal quotation marks omitted); *see also United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991) ("It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict.").

Accordingly, the Government's motion is **GRANTED**. Neither party shall reference, directly or indirectly, any potential sentence, punishment, or penalty presented in this case. The jury will also be instructed that such issues are within the exclusive province of the Court and are not to be considered in arriving at a verdict. *United States v. Scarmazzo*, 554 F. Supp. 2d 1102, 1109 (E.D. Cal. 2008), *aff'd sub nom. United States v. Montes*, 421 F. App'x 670 (9th Cir. 2011); Model Crim. Jury Instr. 9th Cir. 6.22 (2024) ("The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.").

### H.      Government's Motion No. 2: *Opinions on Guilt or Innocence*

The Government seeks "an order precluding the defendant, his attorney(s), or any witness(es) from expressing, directly or indirectly, an opinion on the defendant's guilt or innocence." (Doc. 116 at 2, citing Fed. R. Evid. 401.) The Government contends, "Any attempt by any defense witness to express an opinion on the defendant's guilt or innocence to the jury is a clear invasion of the province of the jury and should be prohibited." (*Id.* at 2-3.) In addition, the Government asserts such evidence is not relevant and should be excluded under Rule 401 of the

1    Federal Rules of Evidence. (*Id.* at 3.)

2            Clearly, counsel may request the jury find Defendant not guilty in opening and closing

3    arguments. However, any personal opinions—including those from Defendant, counsel, and

4    witnesses—are improper and not relevant. *See Moses v. Payne*, 555 F.3d 742, 761 (9th Cir. 2009)

5    ("[a] witness is not permitted to give a direct opinion about the defendant's guilt or innocence");

6    *see also United States v. Thomas*, 2016 WL 2926511, at **5-6 (E.D. Cal. May 19, 2016) (finding

7    such evidence was irrelevant and granting a motion in limine that precluded counsel "from asking

8    a question of any witness that would tend to solicit an opinion on the Defendant's guilt or

9    innocence"). Furthermore, Defendant does not oppose this motion. Thus, the Government's

10   motion to exclude personal opinions on Defendant's guilt or innocence is **GRANTED**.

11   **I.**     **Government's Motion No. 3:** *Hearsay Statements of Defendant Offered by*

12           *Defendant*

13           The Government "anticipates that the defendant might attempt to introduce, through other

14   witnesses, his own prior statements." (Doc. 116 at 3.) The Government explains that "the

15   defendant might not want to testify in this case, but he might attempt to introduce statements he

16   may have made to other people prior to trial." (*Id.*) The Government notes "a defendant may not

17   be allowed to introduce the defendant's hearsay statements to police officers, friends or relatives,

18   or anyone else, because the statement is not being offered against a party." (*Id.*, citing *Williamson*

19   *v. United States*, 512 U.S. 594, 599 (1994); *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir.

20   2000).) In addition, the Government contends that "any allegations of past events in which the

21   defendant might claim to have been a victim would not be relevant to issues in this case." (*Id.*)

22           Pursuant to Rule 801 of the Federal Rules of Evidence, hearsay is a statement that, "(1)

23   the declarant does not make while testifying at the current trial or hearing; and (2) a party offers

24   in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).

25   Statements made by Defendant to others, and offered for their truth, are inadmissible hearsay. *See*

26   *id.*; *see also United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) ("self-inculpatory

27   statements, when offered by the government, are admissions by a party-opponent and are

28   therefore not hearsay, but the non-self-inculpatory statements [made contemporaneously and

21

offered by the defendant] are inadmissible hearsay"). Moreover, Defendant does not oppose this motion. Consequently, the Government's motion to exclude hearsay statements made and offered by Defendant is **GRANTED**.

### J.   Government's Motion No. 4: *Plea Negotiations Between Parties*

The Government seeks "an order precluding the defendant from stating or eliciting, directly or indirectly, any testimony or reference to plea negotiations" between the parties. (Doc. 116 at 3.) The Government contends, "Any discussions that might have taken place are not relevant to the presentation of this case to a jury or its deliberations," and should be excluded. Defendant does not oppose this motion. Accordingly, the Government's motion is **GRANTED**. Neither party shall reference or elicit testimony related to any plea negotiations in this matter.

### K.   Government's Motion No. 5: *Reference to Dismissed State Charges*

The Government observes: "Before the United States filed its charges in this case, the Fresno County District Attorney's Office filed state charges against the defendant. Those charges have been dismissed without prejudice, at the request of the District Attorney's Office, in favor of this pending federal prosecution." (Doc. 116 at 4.) The Government requests Defendant be precluded "from referencing the dismissal of the state charges or the reason why those charges were dismissed." (*Id.*) Defense counsel indicated at the hearing the possibility that the filing of state charges, but not that they were dismissed, may be raised during trial.

Evidence that the state did not pursue charges against Defendant is not relevant to Defendant's guilt or innocence of the crimes charged and is therefore inadmissible. *See* Fed. R. Evid. 401, 402. Prosecuting authorities may decide not to charge a suspect "for a variety of reasons that have nothing to do with his guilt or innocence, taking into consideration the availability of prosecutorial resources, alternative priorities, the expectation of prosecution by other authorities, or any number of other valid discretionary reasons." *United States v. Bingham*, 653 F.3d 983, 999 (9th Cir. 2011); *see also United States v. Marrero-Ortiz*, 160 F.3d 768, 775 (1st Cir. 1998) ("[E]vidence [of dropped charges] ordinarily does not prove innocence. After all, cases are dismissed for a variety of reasons, many of which are unrelated to culpability").

In addition, the charging decisions of the state are not so "inextricably intertwined" with

the evidence in this case that the jury will be misled or confused in its absence. Although the presentation of some evidence may inform the jury that state authorities were involved, the state's charging decisions — and subsequent dropping of the charges — are not necessary to understand the evidence that was gathered. Rather, evidence of the District Attorney's decision to dismiss charges could cause confusion of the issues and mislead the jury. *See, e.g., Berman v. Sink*, 2016 WL 8730672, at *2 (E.D. Cal. May 27, 2016) (admitting evidence charges were not filed by the state "would shift the jury's focus from the events that occurred during this incident to the hindsight of the prosecutor's potential decision not to prosecute"); *J.W. v. City of Oxnard*, 2008 WL 4810298, at *22 (C.D. Cal. Oct. 27, 2008) ("All that the decision not to prosecute can accurately show is that the District Attorney was of the opinion that the case should not be prosecuted. This minimal probative value is outweighed by the possibility that jurors unfamiliar with the judicial process might be misled.").

Accordingly, the Court finds no basis to grant Defendant's motion at this time. However, because it is unknown how this topic will be raised during trial, if at all, the Court **RESERVES** ruling on the request until necessary at trial. Should the need present itself, the parties **SHALL** raise the issue outside the presence of the jury and before it is introduced.

## L.    Government's Motion No. 6: *Exclusion of Undisclosed Defense Evidence*

The Government indicates it has not received "any discovery in any form" from Defendant, despite making multiple requests for reciprocal discovery under Rule 16 of the Federal Rules of Criminal Procedure. (Doc. 116 at 4.) Thus, the Government asserts it will object to the introduction of "any document, or other evidence" not previously provided and "likely will request that any such item be excluded from the record." (*Id*.) Defendant has not opposed this motion.

Rule 16 governs the disclosure of information by the defendant in a criminal case. *See* Fed. R. Crim. P. 12(b). Specifically, Rule 16 provides that reciprocal discovery of certain information in particular circumstances must be produced and disclosed to the Government.[10]

---

[10] Rules 16(b)(1)(A) and (B) place a reciprocal duty on the defendant to disclose information pertaining to "books, papers, documents, data, photographs, tangible objects, buildings or places," and "the results or reports of any physical or mental examination and of any scientific test or experiment." The Government

23

1  Therefore, to the extent Defendant has undisclosed reciprocal discovery—which is subject to

2  disclosure under Rule 16—and he attempts to introduce such information at trial, Defendant is

3  prohibited from doing so. Fed. R. Crim. P. 12(d). Accordingly, the Government's motion is

4  **GRANTED**.

5        **M.**    **Government's Motion No. 7:** *Sequestration of Witnesses*

6        Pursuant to Federal Rule of Evidence 615, the Government requests sequestration of all

7  witnesses during trial except Defendant and "an agent and/or expert" for the Government. (Doc.

8  116 at 4.) Rule 615 provides that upon request, the Court *must* order certain[11] witnesses "excluded

9  from the courtroom so that they cannot hear other witnesses' testimony" during trial. Fed. R.

10 Evid. 615(a) (emphasis added). Because the Government requests the authorized exclusion of

11 witnesses, such an order is compulsory. Additionally, Defendant does not oppose this motion.

12 Thus, the Government's motion is **GRANTED**.

13       **N.**    **Government's Motion No. 8:** *Notification of Defenses*

14       Under Federal Rules of Criminal Procedure 12.1 and 12.2, the Government seeks an order

15 directing Defendant to provide notice of any intended use of an alibi defense and/or a defense of

16 insanity at trial. (*See* Doc. 116 at 4-5.)

17       1.    Alibi Defense

18       Rule 12.1 requires a criminal defendant to provide written notice to an attorney for the

19 Government, at the Government's request, of any intended alibi defense. *See* Fed. R. Crim. P.

20 12.1(a). The Government's request must "state the time, date, and place of the alleged offense."

21 

---

22 must be permitted, upon request, to inspect, copy, and/or photograph such items if "the item is within the
defendant's possession, custody, or control," and the defendant intends to use the item in the defendant's

23 case-in-chief at trial," or, in the case of examination and scientific reports, if the defendant "intends to call
the witness who prepared the report and the report relates to the witness's testimony." *Id.*

24 [11] The following witnesses are not authorized to be excluded under Rule 615:

25     (1) a party who is a natural person;
    (2) one officer or employee of a party that is not a natural person if that officer or employee has

26     been designated as the party's representative by its attorney;
    (3) any person whose presence a party shows to be essential to presenting the party's claim or

27     defense; or
    (4) a person authorized by statute to be present.

28 Fed. R. Evid. 615(a).

1    *Id*. As the Government indicates, the indictment adequately sets forth the relevant times, dates,

2    and places of the alleged offenses. (*See generally* Doc. 3.)

3         Defense counsel represented at the hearing on motions in limine that an alibi defense is

4    not currently at issue, but that question of who committed the crime may arise at trial. Thus, as to

5    any alibi defense notice, the Government's motion is **GRANTED**. Defense counsel **SHALL**

6    inform the Court of any such intention beforehand, and outside the presence of the jury.

7             2.      Insanity Defense

8         The Government requests notification of any intention to rely on a defense of insanity, as

9    well as any intention to introduce expert testimony relating to a mental disease, defect, or any

10   other mental condition bearing on the issue of guilt. (Doc. 116 at 4.) Defense counsel indicated at

11   the hearing on motions in limine, held on February 27, 2024, that a defense of insanity will not be

12   relied upon. Thus, as to this request, the Government's motion is **MOOT**.

13    **O.**      **Government's Motion No. 9:** *Exclusion of Reference to Civil Proceedings*

14         The Government moves to exclude reference to the pending civil proceedings against

15   Defendant by the minor, A.L., in the instant proceedings. (Doc. 127, citing *A.M. v. Mumma*, Case

16   No. 1-22-cv-00548.)[12] Specifically, the Government contends that Defendant should be

17   precluded, under Rules 401 and 403, from eliciting testimony from A.L. or her mother, who was

18   named as A.L.'s representative in the civil complaint. (*Id*. at 2.)

19         The Government asserts that the defense in this case "could argue that [A.L.] lied about

20   the evidence underlining the criminal action in order to bring the civil action." (Doc. 127 at 3.)

21   The Government argues this would be "extremely misleading to the jury, as it was not the

22   testimony of [A.L.] that brought about the criminal case. It was the physical evidence of photos

23   and videos found on the defendant's SD card and within his phone. [A.L.] was unaware that the

24   defendant was recording her, so any motive for bias would not have occurred until after the

25   defendant was arrested." (*Id*. at 3-4.)

26         At the February 27, 2024 hearing, defense counsel contended that the civil proceedings

27

28

---

[12] The deadline for filing motions in limine was February 13, 2024. (*See* Doc. 112.) However, having given Defendant an opportunity to respond at the hearing conducted on February 27, 2024, the Court rules on the untimely motion in the interest of trial efficiency.

1   shed light on A.L.'s motive to exaggerate and/or fabricate, perhaps for monetary gain in her civil

2   lawsuit. The defense asserted that A.L.'s position to benefit financially is relevant to A.L.'s bias

3   and credibility. At this stage, however, the Court agrees that A.L.'s initial statements predate any

4   motive for bias given the civil proceedings were initiated roughly two years later. Thus, the Court

5   cannot make a bias determination without the introduction of a statement that substantially varies

6   from A.L.'s original statements. The Court **RESERVES** ruling on this request, and the parties

7   **SHALL** inform the Court outside the presence of the jury before asking a question concerning

8   this issue.

9            **P.    Miscellaneous Matters**

10           Based on the discussions had on the record between the parties and the Court on February

11   27, 2024, the Court clarifies the following:

12           1.    The alleged minor victim in this case **SHALL** only be referred to as "A.L.," "Ms.

13                 L.," or "minor" for purposes of trial.

14           2.    Any display of photos of A.L., showing any portion of her unclothed breasts,

15                 pubic area, anus, or buttocks **SHALL NOT** be displayed to the audience during

16                 the trial.

17   **IV.    Conclusion and Order**

18           Based upon the foregoing, the Court **ORDERS**:

19           1.    Defendant's Motion in Limine No. 1 (Doc. 115 at 6) is **GRANTED** in part and

20   **DENIED** in part.

21           2.    Defendant's Motion in Limine No. 2 (Doc. 115 at 7) is **GRANTED**.

22           3.    Defendant's Motion in Limine No. 3 (Doc. 115 at 7-8) is **GRANTED**.

23           4.    Defendant's Motions in Limine Nos. 4 and 5 (Doc. 115 at 8-10, Doc. 122 at 1-5)

24                 are **DENIED**.

25           5.    Defendant's Motion in Limine No. 6 (Doc. 115 at 10-11) is **GRANTED**.

26           6.    Defendant's Supplemental Motion in Limine No. 7 (Doc. 122 at 5-9) is

27                 **GRANTED** in part and **DENIED** in part.

28           7.    The Government's Motions in Limine Nos. 1 through 4 (Doc. 116 at 1-3) are

**GRANTED**.

8.      The Government's Motion in Limine No. 5 (Doc. 116 at 4) is **RESERVED**.

9.      The Government's Motion in Limine No. 6 (Doc. 116 at 4) is **GRANTED**.

10.     The Government's Motion in Limine No. 7 (Doc. 116 at 4) is **GRANTED**.

11.     The Government's Motion in Limine No. 8 (Doc. 116 at 4-5) is **GRANTED** in part and **DENIED** in part.

12.     The Government's Motion in Limine No. 9 (Doc. 127) is **RESERVED**.

IT IS SO ORDERED.

Dated:   **March 6, 2024**

_____
UNITED STATES DISTRICT JUDGE

27